55 CCPA

**Application of Marvin W. SWAIM.**
**Patent Appeal No. 7955.**

United States Court of Customs
and Patent Appeals.
May 16, 1968.

John H. Sutherland, St. Louis, Mo., for appellant.

Joseph Schimmel, Washington, D. C. (Jere W. Sears, Washington, D. C. of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND and KIRKPATRICK, Judges.*

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. The board consisted of Messrs. Dracopoulos and Brewrink, Examiners-in-Chief, and Reynolds, Acting Examiner-in-Chief.

SMITH, Judge.

The sole issue involved in this appeal from the Patent Office Board of Appeals[1] is whether the subject matter claimed in appellant's application[2] would have been obvious in view of certain prior art[3] when tested by the statutory requirements of 35 U.S.C. § 103. After careful consideration of all of appellant's assertions of error and supporting arguments, we affirm the decision of the board.

The invention relates to the manufacture of wound tubes suitable for use as forms within which concrete may be poured, or as structural members which may be used in construction. Appellant explains that, when spirally wound paper tubes are used as forms within which concrete is poured, objectionable "tracks" of the spiral windings, like the grain of wooden forms, appear on the surface of the resulting concrete columns. Tedious finishing is thus required to provide the structure with a satisfactory final surface.

Appellant also explains that the use of spirally wound paper tubes requires that the resulting concrete columns be round in cross-section; it is thus an object of the claimed invention to provide an "out-of-round" wound form to produce a column with a circular cross-section. Appellant adds that spirally wound tubes are weak in tension, regardless of whether the tension is applied by forces exerted longitudinally or circumferentially of the tube. He asserts that paper and paper-like materials have considerably greater tensile strength in the direction parallel to the length of the web than in the widthwise direction.

2. Serial No. 220,197, filed August 29, 1962 for "Manufacture of Tubes." Claims 1–3, 6, 7, and 21–25 are involved in this appeal.

3. The references relied upon by the Patent Office are:

| | | | |
|---|---|---|---|
| Webb | 1,512,729 | Oct. 21, 1924 |
| Noyes | 1,675,376 | July 3, 1928 |
| Copenhaver et al. | 2,677,165 | May 4, 1954 |
| Budd | 2,892,238 | June 30, 1959 |

Appellant's solution to these problems resides in the concept of tubes made by convolutely winding an integral sheet of paper or paper-like material upon itself, preferably after the sheet has been impregnated with a hydrophobic plastic material such as sulfur. The tubes are convolutely wound on mandrels whose exterior configuration substantially corresponds to the interior configuration desired for the tube. Thus, the tube may be as long as the paper is wide and the problems previously discussed in relation to spirally wound tubes are said to be overcome.

Claims 1 and 22 are illustrative:

1. A tube for use as a concrete form comprising a convolutely wound sheet of paper-like material impregnated with hydrophobic thermoplastic material.

22. A form for molding concrete columns comprising a convolutely wound tube consisting of a plurality of convolutions of an integral sheet of paper-like material having a hydrophobic thermoplastic material sorbed by and set in situ between successive convolutions, said tube having an internal void which has flat sides corresponding dimensionally to the sides of the column to be molded, and said convolutions being in number such as to provide rigidity sufficient that said tube retains its shape when under load of wet concrete confined therewithin.

The examiner stated that Webb, Noyes and Budd disclose sulfur impregnation of paper-like sheet material for strengthening, stiffening and waterproofing. He stated that Copenhaver discloses a spirally wound paper tube in casting concrete columns. He found it to be obvious under 35 U.S.C. § 103 to provide Copenhaver's form of sulfur-impregnated paper or sulfur board in view of the "secondary" references. He also stated that the dictionary definition of "convoluted" was broad enough to include a spirally wound tube. In the alternative, he made the following observation:

Should the Board be of the opinion that the spirally wound paper tube of Copenhaver et al. does not anticipate the convolutely wound paper tube recited in the claims, then the position of Examiner is that it is a matter of choice or design whether the tube is spirally or convolutely wound. * * *

The board affirmed the rejection for the reasons set forth by the examiner with additional "further comment":[4]

While the prior art cited by the Examiner, namely Copenhaver et al., discloses a spirally wound tube rather than a convolutely wound tube for use as a concrete form, it is our opinion that since convolutely wound tubes are old as admitted by appellant in the insert made at the bottom of page 4 of the specification,[5] * * * it would be obvious to a person skilled in the art that a convolutely wound tube could be used as a concrete form" * * *

The appellant's arguments here may be summarized as follows: (1) the statement of the board quoted above constitutes a reversal of the examiner's rejection; (2) the rejection as affirmed by the board is predicated upon a basis not raised by the examiner; (3) the decision of the board results from a "hindsight" reconstruction after it had determined what appellant had done; (4) the cited art does not recognize the deficiencies which are overcome by the appellant nor does it suggest appellant's improvement; and (5) the board exceeded its authority

4. Appellant requested rehearing and reconsideration, urging that the board held the claims to be unpatentable on grounds not involved in the appeal. The board responded:
* * * we affirmed the rejection of the claims for reasons set forth by the Examiner and made additional comments. The fact that we considered the references in a slightly different manner in our comments does not constitute a new ground of rejection. * * *

5. The "insert" was "refused entry" by the Patent Office, but the "per se antiquity of 'convolutely wound tubes' is admitted" by appellant in his brief.

under Rule 196 by resorting to a ground of rejection other than those specified by the examiner.

We have carefully considered those arguments, the arguments of the solicitor, and appellant's arguments as presented in his reply brief in view of the entire record, including the affidavit of Dyer, filed on behalf of the appellant. The contentions of the appellant, however, do not persuade us of reversible error in the Patent Office position that the differences between the claimed subject matter and the prior art are such that that subject matter as a whole was obvious to one of ordinary skill in the pertinent art at the time the invention was made. 35 U.S.C. § 103. That legal conclusion of obviousness must be bottomed on a solid evidentiary base. See Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). Here, we think that the evidence of the prior art relied upon by the Patent Office, together with appellant's acknowledgments of the scope and content of the prior art, provides sufficient factual support for that conclusion.

The decision of the board is affirmed.

Affirmed.

KIRKPATRICK, J., took no part in this decision.